**SCHWARZ v. COE, Commissioner of Patents.**

**No. 66225.**

District Court of the United States for the District of Columbia.

Feb. 15, 1940.

Robert I. Dennison, of Washington, D. C. (John F. Brezina, of Chicago, Ill., of counsel), for plaintiff.

W. W. Cochran and H. S. Mackey, both of Washington, D. C., for defendant.

LUHRING, Justice.

The bill of complaint is to compel the defendant, Commissioner of Patents, to grant a patent to the plaintiff pursuant to R.S. § 4915, Tit. 35, § 63, U.S.C.A.

The application is for a reissue of applicant's patent, number 1,951,448, for Improvement in Multiple Quick Acting Refrigerator Plant and Process. Forty-one claims have been allowed by the Patent Office.

In this suit ten claims are involved, all of which were held by the Patent Office tribunals to be unpatentable over the prior art. These ten claims are numbered respectively 42, 47, 55, 56, 57, 58, 59, 60, 61 and 62.

The prior art relied upon is found in the following patents and publications: Eddy, 1,185,597, May 30, 1916; Dickson (British), 118,866, July 24, 1917; Shipley, 1,253,895, January 15, 1918; Miles, 1,318,221, October 7, 1919; Carney, et al., 1,808,494, June 2, 1931; "Merchandising Section of Electric Refrigeration News," March 9, 1932, page 11; "Engineering Section of the Electric Refrigeration News," June 29, 1932, page 14.

The invention relates generally to compression refrigeration apparatus. More specifically it pertains to a cascade system of a plurality of compressor-condenser-evaporator system. The evaporator of a complete compressor-condenser-evaporator system, known as the primary system, is utilized to cool the condenser of another complete compressor-condenser-evaporator system, known as the secondary system. More particularly, this secondary system has its condenser divided into two parts, the first of which is cooled by water and the second of which is

cooled by the evaporator of the primary system. The applicant has included in his apparatus various pipes and valves therein for passing a medium to be cooled over either some or all of the cold heat exchangers in the several systems.

The patent to Eddy discloses a multiple evaporator compression system in which the several evaporators are in parallel.

The British patent to Dickson discloses a compressor-condenser-evaporator system in which the condenser is composed of two parts. The first part is cooled by water and the second part is cooled by cold brine.

The patent to Carney discloses a cascade refrigeration system in which the evaporator of one complete compressor-condenser-evaporator system cools the condenser of a second complete compressor-condenser-evaporator system. The first compression system of this cascade arrangement is known as the primary system and the second complete refrigeration system of this said cascade arrangement is known as a secondary system.

The patent to Miles discloses a compression refrigeration system of the compressor-condenser-evaporator type in which the liquid passing from the condenser to the evaporator is cooled by cold refrigerant gas being drawn by the compressor from the evaporator.

The patent to Shipley discloses a compressor-condenser-evaporator system in which the refrigerant before passing to the evaporator in sub-cooled by evaporating a portion of this liquid to be sub-cooled to cool the remainder.

The court finds that claims 42, 55, 56, 57, 59, 60 and 61 are unpatentable over the British patent to Dickson, No. 118,-866, in view of the patent to Miles, No. 1,318,221. These claims merely recite a fluid path to be cooled with arrangements for successively using water, brine and exhaust gas to cool the fluid. Dickson shows it old to successively cool refrigerant fluid in path 1, 2, bl, cl, 5, 6, E and fl by water in condenser B and brine in condenser C. Certainly no invention is involved in carrying this process one step further and in adding a further means for cooling the refrigerant fluid by exhaust gas from the evaporator by such means as is shown old in Miles at 7, 11 of Fig. 2.

The court finds that claim 47 is unpatentable over the patent to Carney et al., No. 1,808,494, in view of the patent to Eddy, No. 1,185,597. A refrigerating system wherein one evaporator acts as a condenser for a second refrigerating system is old as shown by Carney. One of the applicant's evaporators is stated to consist of two separate refrigerating elements. There is no invention involved in substituting a plural evaporator such as shown to be old in Eddy in Figure 4 at 89, 91, for the evaporator 13.

Claim 58 recites a housing containing two sets of refrigerant vaporizing elements each having its own separate refrigerating cycle including a condenser and compressor. It is not claimed that different refrigerants are used but the claim recites that "said cycles permitting the use of different refrigerants." This claim is unpatentable over publication "Electric Refrigeration News." It is there shown that it is old to provide a single box or housing for two separate refrigerant vaporizing elements or evaporators. The engineering specifications disclose that two separate compressors are used.

The court finds that claim 62 is unpatentable over the patent to Shipley, No. 1,253,895, in view of the patent to Miles, No. 1,318,221. This claim recites the use of a refrigerating system in which a combined exhaust gas and vaporized liquid refrigerant system is used to cool liquid. Shipley discloses it to be old to use vaporized liquid refrigerant as a cooler. Miles taught the use of exhaust gas as a cooling medium. No invention is involved in using both these means in a single system.

In view of the prior art cited, the court finds that the claims in issue are unpatentable, and, therefore, the bill of complaint should be dismissed.

Counsel will prepare and submit formal findings of fact and conclusions of law accordingly, together with decree dismissing the bill of complaint.